United States District Court
Southern District of Texas
**ENTERED**
November 28, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOM RAGSDALE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-22-3578 |
| | § | |
| U.S. BANK TRUST NATIONAL ASSOCIATION, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Tom Ragsdale sued his mortgage lender in December 2022, alleging that the lender had improperly declared his mortgage loan in default for alleged nonpayment of insurance fees that, according to Mr. Ragsdale, were not owed because he had paid the required insurance himself, not through escrow. Mr. Ragdale alleged the improper charging of insurance fees began in 2018. (Docket Entry No. 1-4 at 6).

Mr. Ragsdale failed to appear at a scheduled Zoom court hearing in December 2022. The court reset the hearing to March 2023 and gave Mr. Ragsdale notice. Mr. Ragsdale alleges that his counsel in this and other matters withdrew from representing him in January 2023. Two months later, in the March 2023 Zoom hearing in this case, Mr. Ragsdale represented himself. The court continued the hearing to allow Mr. Ragsdale additional time to find counsel. He was ordered to produce certain documents in his possession and to appear at a Zoom hearing scheduled on May 4, 2023. The court warned Mr. Ragsdale that his failure to produce the documents or to appear at the Zoom hearing would lead to dismissal. Mr. Ragsdale did not appear at the May 2023 Zoom hearing, produce the documents as required, or communicate with the court. Because Mr.

Ragsdale failed to comply with court orders, and failed to pursue his lawsuit, the court dismissed the case. (Docket Entry Nos. 22–23).

In June 2023, six months after Mr. Ragsdale had filed suit, and after missing two court-ordered hearings, failing to comply with the court-ordered document production, and failing to respond to the dismissal, Mr. Ragsdale reappeared. On June 6, 2023, Mr. Ragsdale filed a motion to reinstate. (Docket Entry No. 24). The defense opposed reinstatement, arguing that Mr. Ragsdale failed to show he was entitled to relief under Rule 59(e) or Rule 60(b). (Docket Entry No. 25 at 6–7). The court allowed Mr. Ragsdale another chance, granting his motion to reinstate. (Docket Entry No. 26). The pattern repeated: the defendants moved to dismiss, Mr. Ragsdale's third attorney moved to withdraw, and another attorney appeared and moved for leave to amend with an "if necessary" response to the motion to dismiss. (Docket Entry No. 33). The defendants oppose. (Docket Entry No. 37).

Mr. Ragsdale proposes to add a new claim—breach of contract—to a case that was filed over a year ago. The proposed new claim is barred by limitations and fails to meet the requirements for sufficient pleading. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) ("A party asserting a breach of contract claim must sue no later than four years after the day the claim accrues."). Mr. Ragsdale's existing claims fare no better. The deed of trust that he claims was modified by the parties' practice to eliminate an escrow account requirement contains a nonwaiver provision. (Docket Entry No. 37 at 9). He fails to allege any damages; to the contrary, he "only recently cured the default in past due payments" on his loan, meaning that he went for years without paying his mortgage loan. (Docket Entry No. 33 at 3). There is no good cause for filing an amendment at this point and no basis to grant leave to do so.

2

The motion for leave to amend is denied as futile. The motion to dismiss is granted. Final judgment will be separately entered.

SIGNED on November 28, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge